Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | CHAPTER 13 PROCEEDINGS |
| ) | |
| ) | CASE NO. 13-10952-PHX-RJH |
| JOHNNY CA YETANO PORTILLO, ) | |
| ) | TRUSTEE'S EVALUATION AND |
| ) | RECOMMENDATION(S) REPORT WITH |
| ) | NOTICE OF POTENTIAL DISMISSAL IF |
| ) | CONDITIONS ARE NOT SATISFIED |
| ) | RE: CHAPTER 13 PLAN |
| _____(Debtor(s)__) | *Docket #13* |

Edward J. Maney, Trustee, has analyzed the Debtors Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**   (NOTE: THE TRUSTEE DOES NOT ACCEPT ELECTRONIC SERVICE)

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan. This requirement is to be included in any Order Confirming.

e. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

f. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

g.  At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

h.  At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

i.  DEBTORS COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation.  <u>In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted by debtors and/ or their counsel.</u>

**Specific Recommendations:**

1.  The Trustee requires that the debtor(s) provide a statement from any banking institution that had an open account as of date of filing of the debtor(s) case as to the balance of funds as of the date of filing.

2.  The Plan provides for a payment of the priority claim(s) to the Internal Revenue Service in amounts greater than that stated in the creditor'(s) proof of claim [#1].  The Order Confirming the Plan may provide for payment of the lower, priority claim amount.

3.  The Trustee notes Debtor's payroll deduction for a retirement or 401k plan loan repayment of $435.50 per month.  The Trustee requires documentation regarding the terms of the loan, current loan balance and completion date.  If installment payments cease prior to the end of the Chapter 13 Plan, the Trustee requires Plan payments to increase accordingly.

4.  The Trustee requires Debtor to provide documented justification of the following expenses not supported by the Trustee's Guidelines: assistance for daughter ($100/mo) and cigarettes ($217/mo).  Where the documentation fails to justify the scheduled expense, the Trustee will require an Amended Schedule J.  Any increase in disposable income must be turned over to the Plan.

5.  After a review of the debtors paystubs, the Trustee requires debtor file an Amended Schedule I to list accurate average net income of $5,163 per month.  Plan payments to increase accordingly.

In summary, the Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. ***The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable), debtors counsel and objecting creditors if there are any.*** General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee approximately $27,560 or an estimated 23% of related debts, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement will be met given debtors' scheduled $7,784 equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #1, #3, #4, #5 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Dated: [see electronic signature]

_____
Edward J. Maney, Trustee

Copies of the forgoing
mailed on [see electronic signature],
to the following:

Johnny Portillo
15555 N. Frank Lloyd Wright Blvd.
Apt. #2102
Scottsdale, Arizona 85260
Debtor

Elizabeth S. Langford, Esq.
18185 North 83rd Avenue
Suite 3209
Glendale, Arizona 85308
Debtor's counsel

By:_____
Trustee's Clerk